FILED
December 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003944809

Attorney Debt Reset, Inc.
Jeremy G. Winter, SBN 245631
Justin K. Kuney, SBN 249283
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

Wesley Dean Lilly and,

Elizabeth Louise Lilly

    Debtors.

Case No.: 2010-25934
DCN: ADR-002
Chapter 7

**DEBTORS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING TRUSTEE TO ABANDON PROPERTY OF THE ESTATE; DECLARATION OF COUNSEL IN SUPPORT THEREOF**

Date: January 10, 2012
Time: 2:00 PM
Place: 501 I St., 6th Fl
Courtroom 33,
Sacramento, CA 95814
Judge: Hon. Ronald H. Sargis

    Debtors hereby move the Court pursuant to 11 U.S.C. §554(b) for an Order compelling the Trustee to abandon property of the estate on the basis that said property has no unprotected equity and is therefore of inconsequential value and benefit to the estate. The subject property is a single family residence located at 9127 Suzette Court, Orangevale, CA 95662.

I.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1. The above-referenced case was filed as a case under Chapter 13 on or about March 10, 2010. The Chapter 13 Plan was confirmed on or about December 9, 2010. On or about November 21, 2011, debtors filed a motion to convert case under Chapter 13 to a case under Chapter 7.

2. Debtors' assets include a single family residence located at 9127 Suzette Court, Orangevale, CA 95662.

3. Debtors estimate that the fair market value of the property to be $222,500.00.

4. The property is encumbered by the following secured claims: first mortgage managed by Onewest Bank in the approximate amount of $274,240.00, and a second mortgage managed by Green Tree Servicing in the approximate amount of $45,569.00.

6. This motion was filed in good faith and has been transmitted to all creditors and parties of interest and anyone with an objection to this motion will have an opportunity to be heard on this matter.

7. Because there is no excess equity in the property, after subtracting the liens against the property (as listed above), there is no value or benefit to the bankruptcy estate in this property.

**II.**

**BECAUSE THERE IS NO EQUITY IN THE PROPERTY AVAILABLE TO THE BANKRUPTCY ESTATE, THE COURT SHOULD ORDER THE TRUSTEE TO ABANDON THE PROPERTY**

11 U.S.C. §554(b) provides as follows:

> ON request of a party in interest after notice and a hearing, the court may order the trustee to abandon any property of the estate that is

burdensome to the estate or that is of inconsequential value or benefit to the estate.

### III.

### CONCLUSION

WHEREFORE, Debtors pray that the Court grant this motion and order the Trustee to abandon the above-referenced property of the estate back to the debtors.

Respectfully submitted,

Dated:___December 7, 2011

By:/s/ Jeremy G. Winter
Jeremy G. Winter